IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 4, 2019

## CHRISTOPHER JAMES TERRAZZANO v. ALECIA ANN TERRAZZANO

**Appeal from the Circuit Court for Putnam County**
**No. 2017-CV-136     Amy V. Hollars, Judge**

_____

### No. M2019-00400-COA-R3-CV

_____

This action concerns the trial court's designation of the primary residential parent, allocation of co-parenting time, and the division of marital debt following the parties' divorce. We affirm the rulings on these issues made by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

John E. Hutson, Sparta, Tennessee, for the appellant, Alecia Ann Terrazzano.

Billy K. Tollison, Sparta, Tennessee, for the appellee, Christopher James Terrazzano.

### OPINION

### I.     BACKGROUND

Alecia Ann Terrazzano ("Mother") and Christopher James Terrazzano ("Father") married in December 2013. One child was born of the marriage. Father is a member of the United States Navy. He was stationed in Cookeville, Tennessee at the time of the marriage. Six months later, he was transferred to a naval base in Hawaii. Mother was unable to accompany him because she had joint custody of two children from a prior marriage. Father returned home for a series of two-week periods following the Child's birth in February 2015. However, he was absent from December 2015 through June 2017, when he was transferred to Virginia. The relationship between the Parties deteriorated when he finally returned home on leave for 30 days. Father filed a complaint for divorce on June 13, 2017, to which Mother responded with her own complaint.

Prior to the hearing on the competing complaints for divorce, Mother filed a motion in limine to restrict the witnesses based upon Father's failure to provide his witness list more than 72 hours prior to the hearing. She further asked the court to disallow any testimony from Father concerning information requested in her interrogatories because he failed to provide his response to her interrogatories in a timely manner. Father responded that he (1) provided his witness list the day after he received Mother's list and that (2) he responded to the interrogatories within 30 days of his receipt of them. He explained that the interrogatories and requests for production of documents were placed in a mailbox not used by the mail carrier. He discovered the documents two weeks after Mother's alleged service of them. Based upon Father's explanation, the court denied Mother's motions but offered to grant a continuance if she so desired. Mother refused the court's offer, in part, because her attorney would be unavailable due to surgery in the coming months.

The case proceeded to trial, at which several witnesses testified. No transcript or statement of the evidence was provided for this court's review. Following trial, the court classified and divided the marital assets and liabilities not previously agreed upon by the Parties. The court designated Father as the primary residential parent and awarded Mother 81 days of co-parenting time. Mother filed a timely appeal following the denial of post-trial motions. No tabulation of marital assets and liabilities was included in her brief, in violation of Rule 7 of the Tennessee Court of Appeals Rules.

## II.  ISSUES

We consolidate and restate the issues on appeal as follows:

A.      Whether reversal of the court's rulings is warranted based upon the alleged violation of Mother's right to a fair trial.

B.      Whether the court erred in its allocation of marital debt.

C.      Whether Father is entitled to attorney fees on appeal.

## III. DISCUSSION

### A.

Mother asserts that the court erred in denying her motions in limine to exclude Father's testimony indicated in her interrogatories and all witnesses other than the Parties. "The trial court's decision to admit or exclude evidence will be overturned on appeal only where there is an abuse of discretion." *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004). Decisions pertaining to discovery are also subject to an abuse of discretion standard of review. A trial court abuses its discretion when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999) (citation omitted).

Here, Mother claims that her ability to mount a defense was hindered by the court's ruling. However, she has not provided this court with a statement of the evidence or a transcript from which we can determine whether she is entitled to relief. It is the duty of the appellant "to prepare the record which conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues which form the basis of the appeal." *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005); *see also* Tenn. R. App. P. 24(b), (c) ("[T]he appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal."). The one transcript before us is from the hearing on Mother's motion in limine to exclude evidence in which the court credited Father's explanation concerning his alleged untimeliness in his discovery responses. The court offered Mother a continuance, which she declined based upon counsel's anticipated unavailability. While we do not fault Mother for her denial of the court's offer of a continuance under these circumstances, the failure to provide a transcript or statement of the evidence renders us unable to determine what, if any, harm resulted from the court's ruling. Absent evidence establishing otherwise, we must affirm the court's ruling.

### B.

Mother also takes specific issue with the court's allocation of marital debt. Again, she claims that she did not have adequate time in which to rebut Father's income documents because she did not receive his discovery responses in a timely manner. Rule 7 of the Rules of the Court of Appeals requires in domestic relations cases that the appellant's brief shall contain either in the statement of facts or in an appendix a table listing "all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts." Failure to

- 3 -

provide the proper table and a transcript or statement of the evidence from the hearing hinders our review of the court's decision on this issue and renders us unable to determine what, if any, harm resulted from Father's alleged untimely response to interrogatories. This issue is waived.

C.

Father requests attorney fees on appeal. Tennessee follows the American Rule which provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). A right to recover attorney fees in custody and child support disputes at trial or on appeal was created in Tennessee Code Annotated 36-5-103(c),[1] which provides,

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

(Emphasis added.). Exercising our discretion in such matters, we deny the request for attorney fees on appeal based upon Section 36-5-103(c). However, we award attorney fees on appeal pursuant to Section 27-1-122[2] for filing a frivolous appeal. Mother has failed to present this court with a record showing that she is entitled to any relief whatsoever. Accordingly, we exercise our discretion to grant Father's request for attorney's fees and costs in defense of this appeal because her appeal is so devoid of merit as to be characterized as frivolous.

---

[1] The statute was revised on July 1, 2018. The provisions of the revised statute do not apply to this action.

[2] "When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal."

## IV.    CONCLUSION

We affirm the decision of the trial court and remand this case to the trial court to set reasonable attorney's fees for Father's defense of this appeal and for further proceedings as may be necessary.  Costs of this appeal are taxed to the appellant, Alecia Ann Terrazzano.

_____
JOHN W. McCLARTY, JUDGE